IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LOUIS J GEOGHAGAN,

    Plaintiff,

v.   CASE NO.: 5:10cv103/MCR/AK

FLORIDA DEPARTMENT OF CORRECTIONS,
et al,

    Defendants.
    _____/

## ORDER OF DISMISSAL

Plaintiff filed the complaint in this cause on May 5, 2010. (Doc. 1). The complaint was not on the proper forms and was not accompanied by either a filing fee or a motion for leave to proceed in forma pauperis. Thus, an Order was entered and forms mailed to him to complete and return on or before June 14, 2010. (Doc. 4). When no documents were filed by this date, an Order to Show Cause was entered which required a response from Plaintiff on or before July 2, 2010, and Plaintiff was warned that failure to comply may result in the dismissal of his case. (Doc. 5). As of this date, there has been no further filings or communication from Plaintiff.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute. Link v. Wabash Railroad, 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed2d 734 (1962). Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order. Plaintiff has failed to comply with two orders of this Court (docs. 4 and 5), and he has not otherwise prosecuted his lawsuit. Accordingly, this case is hereby dismissed.

**DONE and ORDERED** this 21st day of July, 2010.

                             s/ *M. Casey Rodgers*
                             **M. CASEY RODGERS**
                             **UNITED STATES DISTRICT JUDGE**